UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD CROMER,

       Petitioner,              Civil No. 2:25-CV-11227
                                 Honorable Jonathan J.C. Grey

v.

JEFFREY TANNER,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT (ECF No. 11) AND APPLICATION TO PROCEED IN FORMA PAUPERIS**

This matter is before the Court on Petitioner James Edward Cromer's Rule 60(b) motion for relief from judgment. (ECF No, 11.) For the reasons stated below, the motion is **DENIED**.

Petitioner previously filed a Rule 60(b) motion for relief from judgment, in which he attacked his 1990 conviction for second-degree murder, armed robbery, assault with intent to do great bodily harm, and possession of a firearm in the commission of a felony. The Court treated the motion as a second or successive petition for a writ of habeas corpus being brought pursuant to 28 U.S.C. § 2254 and on August 19, 2025, transferred the case to the United States Court of Appeals pursuant to

28 U.S.C. § 2244(b)(3)(A) for Petitioner to obtain authorization to file a second or successive habeas petition. (ECF No. 5.)

On December 19, 2025, the Sixth Circuit issued an order, in which it agreed that Petitioner's habeas petition is successive and "[denied] Petitioner's motion for authorization to file a second or successive habeas corpus petition." *In Re Cromer,* No. 25-1747 (6th Cir. Dec. 19, 2025) (ECF No 8).

Petitioner has now filed a Rule 60(b) motion for relief from judgment, in which he argues that this Court erred in (a) treating his prior motion for relief from judgment as a successive habeas petition and (b) transferring it to the Sixth Circuit instead of addressing the merits of the issues raised in his motion. He also appears to suggest the Sixth Circuit erred in denying him permission to file a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal,* 523 U.S. 637, 641 (1998).  When a habeas petitioner files a second or successive petition for habeas corpus relief in

the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

To the extent that Petitioner seeks authorization from this Court to file a successive habeas petition, any motion to authorize a second habeas petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. *See Riggleman v. W. Va. Dep't of Corr.*, 174 F. App'x. 168, 169, n. 1 (4th Cir. 2006).  To the extent that he challenges the Sixth Circuit's prior decision to deny him permission to file a successive habeas petition, this Court lacks the power to alter the Sixth Circuit's

decision. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for a writ of habeas corpus after the Court of Appeals declines to grant the petitioner leave to file such a petition. *See White v. Carter,* 27 F. App'x 312, 313–314 (6th Cir. 2001). This is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable." Further, it shall not be a subject for a petition for a rehearing or for a petition for a writ of certiorari. *In Re King*, 190 F.3d 479, 480–481 (6th Cir. 1999).

Based on the foregoing, **IT IS HEREBY ORDERED** that the motion for relief from judgment (ECF No. 11) is **DENIED**. Because the Court is denying the Rule 60(b) motion, the Court **DENIES** Petitioner's request to proceed in forma pauperis.

**SO ORDERED.**

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated April 17, 2026

4

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager